UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CIVIL ACTION NO. _____
***ELECTRONICALLY FILED***

HUBERT FRANK FORD                                                                                       PLAINTIFF

v.                                                    **COMPLAINT**

PAMELA J. BONDI, In Her Official Capacity
as Attorney General of the United States

    *Serve via Certified Mail with Summons*:
        Hon. Paul McCaffrey
        Acting United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, KY 40507

    *Serve via Certified Mail with Summons*:
        Hon. Pamela J. Bondi
        United States Attorney General
        950 Pennsylvania Avenue, NW
        Washington, DC 20530

RUSSELL M. COLEMAN, In His Official Capacity
as Attorney General of Kentucky                                                                   DEFENDANTS

    *Serve via Certified Mail with Summons:*
        Hon. Russell M. Coleman
        Attorney General of Kentucky
        Capital Complex East
        1024 Capital Center Drive, Suite 200
        Frankfort, KY 40601

*******************

Comes Plaintiff, Hubert Frank Ford (Mr. Ford), through counsel, and for his complaint and petition for declaration of rights, states as follows:

## THE PARTIES

1. Mr. Ford is a citizen of the United States who resides in Shelby County, Kentucky.

2. Defendant, Hon. Pamela J. Bondi, in her official capacity, is Attorney General of the United States, with her office located at 950 Pennsylvania Avenue, NW, Washington, DC 20530. In such capacity, she is the chief law enforcement officer of the federal government and supervises the prosecution of all federal crimes brought by the federal government, including the prosecution of violations of the felon-in-possession of a firearm law found at 18 U.S.C. § 922(g)(1). 28 U.S.C. § 509. She also supervises the administration and operation of the Department of Justice, which includes the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms and Explosives, which law enforcement agencies are responsible for enforcement of the federal criminal laws and the arrest and detention of those who violate such criminal laws, including the federal felon-in-possession of a firearm law found at 18 U.S.C. § 922(g)(1). 28 U.S.C. § 509.

3. Defendant, Hon. Russell M. Coleman, in his official capacity, is Attorney General of Kentucky, with his office located at Capital Complex East, 1024 Capital Center Drive, Suite 200, Frankfort, Franklin County, Kentucky, 40601. In such capacity, he is the chief legal officer of the Kentucky state government, with the duty to attend to all litigation in which the state government has an interest and the defense of the constitutionality of the statutes of Kentucky, including the Kentucky felon-in-possession of a firearm law found at KRS 527.040(1), and he is the chief prosecutor of the state, with the duty to provide general supervision of criminal justice in the state. KRS 15.020; KRS 15.700.

**SUBJECT-MATTER JURISDICTION AND VENUE**

4. This case is brought pursuant to 28 U.S.C. § 2201 in that there is an actual controversy whereby Mr. Ford seeks a declaration of rights as to whether the federal felon-in-possession of a firearm statute (18 U.S.C. § 922(g)(1)) and the Kentucky felon-in-possession of a firearm statute (KRS 527.040(1)), as applied to him, violates or otherwise infringes upon his right to keep and bear arms under the Second Amendment to the Constitution of the United States.

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this case arises under the Constitution and laws of the United States, and pursuant 28 U.S.C. § 1443, in that this case seeks to redress the deprivation of a right secured by the Constitution of the United States under color of a state statute.

6. This court has venue pursuant to 28 U.S.C. § 1391(e) in that the Defendant, Hon. Russell M. Coleman, in his official capacity as Attorney General of Kentucky, resides and is domiciled in Frankfort, Franklin County, Kentucky, which is within the Eastern District of Kentucky.

**BACKGROUND**

7. As a citizen of the United States, Mr. Ford is included in "the people" who have the "right … to keep and bear Arms" under the Second Amendment to the Constitution of the United States.

8. In *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), the Supreme Cout of the United States held that the Second Amendment requires that the government's legislative prohibition against a particular citizen of the United States possessing a firearm show that such legislative infringement on the Second Amendment right to possess a firearm is

"consistent with this Nation's historical tradition of firearm regulation." *Id*. at 17; *see also United States v. Rahimi*, 602 U.S. 680, 692 (2024).

9. In *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), the Sixth Circuit Court of Appeals held that, although the government may enact class-wide legislation that prohibits a certain group of persons like convicted felons from possessing a firearm as set out in the felon-in-possession law at 18 U.S.C. § 922(g)(1), an individual citizen who has been convicted of a felony has the right to demonstrate that such statute's class-wide prohibition, as applied to them, violates their Second Amendment right because he or she is not a dangerous person. *Id*. at 657.

10. In *Williams*, the Sixth Circuit further held that there are certain categories of non-violent crimes such as mail fraud, making a false statement, and others, that cause no physical harm to another person or to the community, and that a reviewing court must make a case-by-case determination as to whether a citizen has been convicted of a specific crime means they are a dangerous person who can be prohibited by the government through a class-wide felon-in-possession law from possessing a firearm without violating the Second Amendment. 113 F.4th at 659-60.

11. On July 18, 1997, in *United States v. Hubert Frank Ford*, United States District Court, Eastern District of Kentucky, Case No. 5:97-cr-00035-KSF-1, Mr. Ford pled guilty and was thereby convicted of the crime of Executing a Scheme to Defraud a Financial Institution in violation of 18 U.S.C. § 1344 and was sentenced to fifteen months in prison.

12. The crime of Executing a Scheme to Defraud a Financial Institution in violation of 18 U.S.C. § 1344 is not a violent crime, is not a crime against the body of another person, is not a crime that inherently poses a significant threat of physical danger, and is, instead, a crime that poses no threat of physical danger.

13. Although the plaintiff has been convicted of Executing a Scheme to Defraud a Financial Institution in violation of 18 U.S.C. § 1344, the plaintiff Ford has not been convicted of any other crimes, is not a dangerous person, and should not be prohibited from possessing a firearm.

14. Because of such conviction, the plaintiff Ford is categorically prohibited by 18 U.S.C. § 922(g)(1) from possessing a firearm, even though he is not a dangerous person.

15. Because of such conviction, Mr. Ford is categorically prohibited by KRS 527.040(1) from possessing a firearm, even though he is not a dangerous person.

16. It is Mr. Ford's desire and intent to possess and own a firearm or firearms and, but for the prohibitions of 18 U.S.C. § 922(g)(1) and KRS 527.040(1), he would in fact possess and own a firearm or firearms.

## COUNT I
## 18 U.S.C. § 922(g)(1) VIOLATES THE SECOND AMENDMENT AS APPLIED

17. The class-wide presumption of 18 U.S.C. § 922(g)(1), which categorically makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm, without consideration as to whether the person prohibited from possessing a firearm is a dangerous person, as applied to the particular and specific facts, circumstances, and characteristics of Mr. Ford, violates his right to keep and bear arms under the Second Amendment to the Constitution of the United States, because Mr. Ford is not a dangerous person.

## COUNT II
## KRS 427.040 VIOLATES THE SECOND AMENDMENT AS APPLIED

18. The class-wide presumption of KRS 527.040(1), which categorically makes it unlawful for any person who has been convicted of a felony to possess a firearm, without consideration as to whether the person prohibited from possessing a firearm is a dangerous person, as applied to the particular and specific facts, circumstances, and characteristics of Mr. Ford, violates his right to keep and bear arms under the Second Amendment to the Constitution of the United States, because Mr. Ford is not a dangerous person.

**WHEREFORE**, the Plaintiff, Hubert Frank Ford, prays for a declaration of rights and judgment against the Defendants as follows:

1. Judgment declaring 18 U.S.C. § 922(g)(1), as applied to Mr. Ford, is unconstitutional in violation of the Second Amendment to the Constitution of the United States;

2. Judgment declaring KRS 527.040(1), as applied to Mr. Ford, is unconstitutional in violation of the Second Amendment to the Constitution of the United States;

3. Judgment permanently enjoining the Defendant, Hon. Pamela J. Bondi, in her official capacity as the Attorney General of the United States, and her successors, and all employees and law enforcement personnel of the Department of Justice, including the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms and Explosives, from enforcing 18 U.S.C. § 922(g)(1) against Mr. Ford;

4. Judgment permanently enjoining the Defendant, Hon. Russell M. Coleman, in his official capacity as Attorney General of Kentucky, and his successors, and all employees and law enforcement personnel employed by the Commonwealth of Kentucky or by any local government within the Commonwealth of Kentucky, from enforcing KRS 527.040(1) against Mr. Ford; and,

5. Such other necessary and proper relief to which Plaintiff may appear entitled.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP
124 Clinton Street
Frankfort, Kentucky 40601
Phone: (502) 605-9900
Fax: (502) 605-9901
lawson@truelawky.com

*/s/ Philip C. Lawson*_____
PHILIP C. LAWSON
ATTORNEY FOR PLAINTIFF